UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20791-CR-HUCK
MAGISTRATE JUDGE P.A. WHITE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] |
| Plaintiff, | ] |
| v. | ]   REPORT AND RECOMMENDATION |
| | ]              OF CHANGE OF PLEA |
| ANDRON BODDEN, | ] |
| Defendant. | ] |

_____

**THIS CAUSE**, having come on to be heard upon the Order of Reference from the District Court for this Court to conduct a proceeding for acceptance of a guilty plea by the Defendant in the above-referenced case, and this Court, having conducted a change of plea hearing on December 10, 2010, this Court recommends to the District Court as follows:

1.   On December 10, 2010, this Court convened a hearing to permit the Defendant to enter a change of plea in the aforementioned matter. This Court advised the Defendant of his right to have these proceedings conducted by the District Judge assigned to the case. Further, this Court advised the Defendant that this Court was conducting the change of plea hearing on an Order of Reference from the District Court and at the request of the Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to this case. This Court further advised the Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning the Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

2.   This Court advised the Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that

the change of plea hearing be conducted only by a United States District Judge. The Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3.   This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4.   There is a written plea agreement which has been entered into by the parties in this case. This Court reviewed that plea agreement on the record and had the Defendant acknowledge that he signed the plea agreement. This court also made certain that the Defendant was aware of any minimum mandatory sentences and maximum sentences which could be imposed in this case pursuant to that plea agreement and the applicable statutes.

5.   The Defendant pled guilty to:

**Count One** of the Indictment, which charges that the Defendant did conspire to commit Hobbs Act Robbery, in violation of Title 18, United States Code, Section 1951(a);

**Count Two** of the Indictment, which charges that the Defendant did conspire to carry a firearm in furtherance of a crime of violence, in violation of Title 18, United States Code, Sections 924(o) and 2;

**Count Three** of the Indictment, which charges that the Defendant attempted Hobbs Act Robbery, in violation of Title 18, United States Code, Sections 1951(a) and 2;

**Count Four** of the Indictment, which charges that the Defendant possessed and discharged a firearm in furtherance of a crime of violence, and a drug trafficking crime, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(I), 924(c)(1)(A)(iii), and 2; and

        **Count Five** of the Indictment, which charges that the Defendant committed Hobbs Act Robbery, in violation of Title 18, United States Code, Sections 1951(a) and 2.

6.     The government stated a factual basis for the entry of the plea, which included all of the essential elements of the crime to which the Defendant is pleading guilty, and any sentencing enhancements and/or aggravating factors that may be applicable. The government also announced the possible maximum penalties in respect to the Indictment. The Defendant acknowledged that he understood these possible maximum penalties which could be imposed in his case.

7.     The plea agreement also contains a waiver by the Defendant of any constitutional challenges to the Sentencing Guidelines, waives indictment and trial by jury on all findings relevant to sentencing, and agrees that the Court may make all such findings by a preponderance of the evidence based on any reliable evidence, including hearsay. The Defendant acknowledged that he had discussed this waiver and its consequences fully with his attorney and that he understands the nature and consequences of that waiver.

8.     Based upon all of the foregoing and the plea colloquy conducted by this Court, this Court recommends to the District Court that the Defendant be found to have freely and voluntarily entered his guilty plea to Counts One, Two, Three, Four and Five of the Indictment, as more particularly described herein, and that the Defendant be adjudicated guilty of those offenses.

9.      A pre-sentence investigation is being prepared for the District Court by the United States Probation Office, and sentencing has been set for <u>February 18, 2011, at 9:00 o'clock a.m., at the United States District Court, Southern District of Florida, in the Wilkie D. Ferguson, Jr. Courthouse, 400 North Miami Avenue, Courtroom 13-2, 13th Floor, Miami, Florida</u>, as previously set by the District Court.

**ACCORDINGLY,** this Court recommends to the District Court that the Defendant's plea of guilty be accepted, the Defendant be adjudicated guilty of the offenses to which he has entered his plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Paul C. Huck, United States District Judge assigned to this case.

**DONE AND SUBMITTED** at Miami, Florida, this <u>20th</u> day of December, 2010.

_____
PATRICK A. WHITE
UNITED STATES MAGISTRATE JUDGE

cc:     Cristina V. Maxwell, AUSA
        U. S. Attorney's Office
        11200 N.W. 20th Street
        Miami, FL 33172

Evelyn Baltodano-Sheehan, AUSA
U. S. Attorney's Office
99 N.E. 4th Street
Miami, FL 33132

William M. Norris, Esq.
8870 S.W. 62nd Terrace
Miami, FL 33173

United States Probation, U.S. District Court